UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL WILSON | CIVIL ACTION NO. |
| VERSUS | DOCKET NO.: |
| CARGILL INCORPORATED | SECTION: |

FILED:_____          _____
                                        DEPUTY CLERK

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes complainant, Michael Wilson, respectfully representing as follows:

1.

This Honorable Court has jurisdiction under 28 U.S.C. §1332 and 33 U.S.C. §901 *et.seq.*, including §905(b).  Pursuant to 28 U.S.C. 1391 venue is proper in the Eastern District of Louisiana because the personal injury accident giving rise to this Complaint occurred within this Judicial District.

2.

Complainant, Michael Wilson, is a person of the full age of majority and resident domiciliary of the Parish of St. John the Baptist, State of Louisiana.

3.

Made respondents herein are:

(a)     CARGILL INCORPORATED (hereinafter Cargill), a foreign corporation licensed to do business in this State with its principal place of business within Louisiana in East Baton Rouge parish.

4.

On or about February 27, 2011, complainant was assisting in the docking of a unnamed grain barge on the Mississippi River, a navigable waterway when complainant was injured when his right hand was crushed between the barge and dock.

5.

When the incident forming the subject matter of this Complaint occurred, complainant was in the course and scope of his employment with B&K Contracting, LLC working on the deck of the referenced barge.  Complainant is currently receiving medical and wage benefits under the provisions of the Longshore Harbor Workers' Compensation Act.

6.

When the incident forming the subject matter of this Complaint occurred, the referenced vessel was attempting to dock on the Mississippi River at Cargill's facility located within the parish of St. John the Baptist, State of Louisiana and within the jurisdiction of this Honorable Court.

7.

At all relevant times herein, based on the best knowledge available, the referenced vessel was owned and/or operated by Cargill.

8.

The subject accident happened at or around 8:45 p.m. The barge deck and nearby dock were not properly lit. Complainant was under the supervision of a Cargill employee, who instructed complainant to reach down the side of the barge to grab a rope to tie the barge to the dock. Suddenly and without warning, the barge moved crushing complainant's hand between the dock and barge.

9.

The incident forming the subject matter of this litigation occurred through no fault of complainant, but instead as a direct result of the negligence and fault of Cargill and its employees, agents and/or servants for which it is responsible. Complainant asserts a cause of action against Cargill under 33 U.S.C. §901 *et.seq.*, including §905(b), as the owners and operators of the referenced vessel. Complainant asserts a cause of action against Cargill for vessel negligence. This incident occurred through the negligence and fault of Cargill and its employees, agents and/or servants for which it is responsible in one or more of the following non-exclusive respects:

    (a)    Failure to use reasonable care to avoid exposing complainant to harm while maintaining control over the equipment and/or area of the vessel in which

|     | complainant was performing his duties; |
| --- | --- |
| (b) | Failure to use reasonable care while involving themselves in and exerting control over the subject barge's docking operations; |
| (c) | Failure to use reasonable care to intervene after learning of dangerous conditions that existed prior to or developed in the course of the subject docking operations; |
| (d) | Causing the vessel to shift/move unexpectedly during docking operations; |
| (e) | Having unsafe and unreasonable conditions to the subject barge and its equipment and appurtenances present on the deck of the vessel Cargill knew of should have known; |
| (f) | Failure to provide complainant with proper supervision; |
| (g) | Providing an unseaworthy vessel for complainant to perform his work duties; |
| (h) | Failure to provide a safe work area; |
| (i) | Failure to train complainant in safety and vessel operations; |
| (j) | Failure to have warning signs in hazardous area; |
| (k) | Failure to properly light the subject work area; |
| (l) | Other negligent acts and/or omissions to be shown at the trial of this matter. |

10.

As a result of the incident forming the subject matter of this litigation, complainant sustained severe physical and mental injuries which include the amputation of a finger of his dominant hand–i.e, right.  Complainant seeks the following damages in connection with his injuries:

(a) Past and future lost wages, income and earning capacity;

(b) Physical pain and suffering;

(c) Mental and emotional pain and suffering;

(d) Past and future medical and life care planning expenses;

(e) Loss of enjoyment of life;

(f) Permanent partial disability; and

(g) Additional damages to be shown at the trial of this matter.

11.

This matter is filed with this Honorable Court also on the basis of diversity jurisdiction under 28 U.S.C. §1332.  Complainant's damages exceed $75,000.00.

**WHEREFORE**, complainant, Michael Wilson, prays that respondent, Cargill Incorporated, be served with a copy of the instant Complaint and that after a trial and all due proceedings there be judgment rendered in favor of complainant.  Complainant also prays for all other appropriate general and equitable relief necessary and proper under the circumstances.

Respectfully submitted:

MICHAEL HINGLE & ASSOCIATES, LLC


    /s/ Donald G. D'Aunoy Jr.
Donald G. D'Aunoy, #31123
Bryan A. Pfleeger, #23896
Place St. Charles

                201 St. Charles Avenue, Suite 2521
                New Orleans, Louisiana 70170
                Telephone: (504) 568-1161
                Fax: (504) 599-5966

PLEASE SERVE:

Cargill Incorporated
through its registered agent for service:
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, LA 70808